UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARAH WILLIS,                                              Case No.1:15-mc-13

       Petitioner,
                                          Black, J.
vs.                                           Bowman, M.J.

INTERNAL REVENUE SERVICE.,

       Respondent.

**REPORT AND RECOMMENDATION**

The Petitioner, an inmate at the Federal Prison Camp, Alderson, WV, has submitted for filing a *pro se* Motion to Quash IRS Summons (doc. 1). However, Petitioner neither paid the required $46.00 filing fee nor requested leave to proceed *in forma pauperis* so that she may file this miscellaneous action with the Court. On October 27, 2015, Petitioner was ordered to show cause, in writing on or before 11/19/2015, why this matter should not be dismissed for failure to prosecute and failure to comply with an Order of the Court.

Plaintiff timely responded to the show cause order and also filed a motion for proceed *in forma pauperis*. (Docs. 4, 5). However, Petitioner's Response to the Order to Show Cause failed to comply with the Court's original Deficiency Order of September 14, 2015 (Doc. 2), in that Petitioner's instant motion for leave to proceed *in forma pauperis* (Doc. 5) fails to include a completed certificate from the cashier at the institution of incarceration regarding the balance of Petitioner's inmate trust fund account. Absent this information, the Court is unable to consider Petitioner's motion.

Thereafter, on December 2, 2015, the Court issued a Deficiency Order granting Petitioner an additional 30 days from the date of the Order to pay the full filing fee of $46.00 or submit an application and affidavit to proceed *in forma pauperis* which fully complies with the terms set forth in the prior Order.  (Doc. 7).  The Order further stated that if Petitioner fails to pay the full filing fee or to submit a properly completed application to proceed *in forma pauperis* within this time limit, this action may be dismissed.

To date, Petitioner has not paid the filing fee, nor has she submitted a properly completed affidavit to proceed *in forma pauperis.*  Petitioner's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b).  *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991).  District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, the undersigned **RECOMMENDS** that Petitioner's action be **DISMISSED** for want of prosecution and for failure to obey a Court Order; and that this case be **CLOSED.**

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SARAH WILLIS,

    Petitioner,

vs.

INTERNAL REVENUE SERVICE.,

    Respondent.

Case No.1:15-mc-13

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).